**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                            Case No. 6:13-cr-99-Orl-37KRS

JAMES FIDEL SOTOLONGO;
STEPHANIE MUSSELWHITE; and
RAMARA GARRETT

_____

### ORDER

This cause is before the Court on the following:

1.    Motion to Dismiss Indictment Based on *Ex Parte* Forum Shopping and,

      Alternatively, to Rescind Order Transferring Case (Doc. 126), filed

      January 31, 2014; and

2.    Response in Opposition to Stephanie Musselwhite's Motion to Dismiss

      Indictment Based on *Ex Parte* Forum Shopping and, Alternatively, to

      Rescind Order Transferring Case (Doc. 149), filed February 10, 2014.

### BACKGROUND

On April 24, 2013, the grand jury returned a fourteen-count indictment charging

Defendants James Sotolongo, Stephanie Musselwhite, Ramara Garrett, and Christopher

Mencis with conspiring to defraud FDIC-insured lending institutions by taking part in a

sophisticated mortgage-fraud ring. (Doc. 34.) The Clerk randomly assigned the case to

U.S. District Judge Charlene Honeywell.[1] (Doc. 35.) On October 21, 2013, the

Government filed an information charging another alleged coconspirator, Sidney Coton,

_____

[1] The case was originally before Senior U.S. District Judge G. Kendall Sharp but
was reassigned to Judge Honeywell. (Doc. 35.)

with taking part in the same mortgage-fraud conspiracy. *United States v. Coton*, No. 6:13-cr-261 (M.D. Fla. Oct. 21, 2013), Doc. 1. The Clerk randomly assigned that case to the undersigned.

Because the two cases shared common questions of fact and law, the Government moved to consolidate. *Id.*, Doc. 28. The motion indicated only that the Government believed consolidation to be proper under Federal Rules of Criminal Procedure 8 and 13; it in no way stated a preference as to which judge should preside over the consolidated cases. *See id.* The Court granted the motion and, with the express consent of Judge Honeywell, directed the Clerk to transfer Case No. 6:13-cr-99 to the undersigned to proceed in conjunction with Case No. 6:13-cr-261. (Doc. 99.)

In response to the transfer, Defendant Musselwhite moves to dismiss the indictment or, alternatively, to have her case transferred back to Judge Honeywell.[2] (Doc. 126.) According to Musselwhite, the Local Rules require judges to be assigned to cases at random, and Local Rule 1.04(b) preserves random assignment during consolidation by requiring related cases to be transferred to the judge assigned to the first-filed among them.[3] (*Id.* ¶ 3.) Thus, Musselwhite contends that the consolidation of the mortgage-fraud cases before the undersigned instead of Judge Honeywell—the judge assigned to the first-filed case—violated the rights to "fair play in process and regularized outcomes" conferred upon her by the Local Rules and the Due Process and Equal

---

[2] Defendant James Sotolongo has also adopted Musselwhite's motion. (Doc. 147.)

[3] Local Rule 1.04(b) sets forth the default procedure in the Middle District of Florida for the transfer of related cases before two or more judges. Ordinarily, the moving party files "a notice of the filing of the motion to transfer, including a copy of the motion to transfer, in each related case." Local Rule 1.04(b). Then, if transfer is appropriate and all judges consent, the related cases are transferred to the "judge assigned to the first-filed among the related cases." *Id.*

Protection Clauses of the U.S. Constitution. (*Id.* ¶¶ 6–7.) Musselwhite further asserts that the Government's failure to notify her of its motion to transfer amounted to *ex parte* forum shopping, exacerbating the constitutional violations. (*Id.* ¶ 1.) The Court cannot, Musselwhite concludes, permit *ex parte* practices or assign cases according to "some internal policy manual, which is unavailable to members of the Bar or the general public." (*See id.* ¶¶ 4–5.)

The Government opposed. (Doc. 149.) On February 19, 2014, the Court held a hearing in which it orally denied Musselwhite's motion for the reasons that follow. (Doc. 166.)

## DISCUSSION

The Local Rules are available in their entirety to members of the Bar and the general public,[4] including Rule 1.03(d), which provides: "The judge to whom any case is assigned may, at any time, reassign the case to any other consenting judge for any limited purpose or for all further purposes." Whereas Rules 1.03(b) and 1.04(b) prohibit the Clerk and litigants from attempting to circumvent the Court's random-assignment procedure,[5] Rule 1.03(d) indicates that no such restriction applies to the judges of this Court.

Also relevant is Rule 1.01(b), which emphasizes that the Local Rules are to be "employed to provide fairness and simplicity in procedure, to avoid technical and unjustified delay, and to secure just, expeditious and inexpensive determination of all

---

[4] They may be found at: https://www.flmd.uscourts.gov/LocalRules.htm.

[5] *In re BellSouth Corp.*, 334 F.3d 941, 958 (11th Cir. 2003), to which Musselwhite cites for the proposition that random assignment promotes the orderly administration of justice, emphasizes that "both litigants and lawyers also have a duty to disavow and avoid manipulations of the random assignment system." It does not, however, suggest that judges may not deviate from the random-assignment procedure.

proceedings." Further, Rule 1.01(c) states: "When a judge of this Court in a specific case issues any order which is not consistent with these rules, such order shall constitute a suspension of the rules with respect to the case only, and only to the extent that such order is inconsistent with the rules." As these two rules indicate, the Local Rules, by their own terms, envision flexibility in their application. Thus, even if Musselwhite were correct that transferring her case to the undersigned was inconsistent with the text of Local Rule 1.04(b), that transfer would constitute a permissible suspension of the rules, not a violation.

This discussion, however, digresses from a more important point: entitlement to a remedy requires the violation of a right, and "[l]ocal rules governing the assignment of cases are designed as internal housekeeping rules to promote the efficient operation of the district courts; they are not meant to confer rights on litigants." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984); *see also United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991).

Nor do Musselwhite's due process rights provide grounds for relief. "A party has no due process right to random case assignment or to ensure the selection or avoidance of any particular judge absent a showing of bias or partiality in the proceedings." *In re Marshall*, 721 F.3d 1032, 1040 (9th Cir. 2013); *see also Sinito*, 750 F.2d at 515 ("A defendant does not have a right to have his case heard by a particular judge. Nor does a defendant have the right to have his judge selected by random draw." (citations omitted)). Here, Musselwhite does not allege that she suffered actual bias as a result of the transfer of her case to the undersigned. (Doc. 126, ¶ 7.) Instead, she maintains the transfer itself offends due process. (*See id.* ("The issue does not, nor should it, turn on . . . whether the

government or the defense benefits in some form more or less from one or the other case assignment. The issue is instead that the rules require fair play in process and regularized outcomes.").) However, "[a] non-randomly assigned judge, without more, simply does not make for a due process violation . . . ." *Firishchak v. Holder*, 636 F.3d 305, 309 (7th Cir. 2011).

Regarding equal protection, Musselwhite's motion is completely devoid of authority for her suggestion that the transfer in this case violated her right to equal protection of the laws. (*See* Doc. 126, ¶¶ 1–2, 5–6.) *Batson v. Kentucky*, 476 U.S. 79 (1986), is the sole case to which Musselwhite cites that addresses the Equal Protection Clause and, though seminal to jury selection, the case is irrelevant to the case-assignment procedure at issue here. Moreover, Musselwhite has made no attempt to identify herself as a member of a protected class, to identify disparate treatment between herself and similarly situated defendants, or to otherwise connect the generalized protections of the Equal Protection Clause to the specific facts of her case. (*See* Doc. 126.) Her equal protection allegations, therefore, are meritless. *Cf. United States v. Claiborne*, 870 F.2d 1463, 1467 (9th Cir. 1989) (rejecting for lack of authority a defendant's allegation that the Equal Protection Clause required out-of-circuit judges to be empaneled at random).

Finally, Musselwhite's transfer arguments conflict with controlling authority holding that "District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Stone*, 411 F.2d 597, 598–99 (5th Cir. 1969); [6] *see also United States v. Martinez*, 686 F.2d 334, 338 (5th Cir. 1982)

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207–09 (11th Cir. 1981) (en banc), the U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

(reaffirming that district judges may "by rule, order or consent transfer cases between themselves"); *United States v. Diaz*, 189 F.3d 1239, 1243–44 (10th Cir. 1999) (expressing agreement with the U.S. Court of Appeals for the Fifth Circuit's reasoning in *Stone* and *Martinez*). Thus, any assertion that such transfers require "the consent of the accused and [her] lawyer is patently frivolous." *Stone*, 411 F.2d at 599.

This leaves Musselwhite's argument that the Government's failure to notify her of its motion to transfer amounted to *ex parte* forum shopping. (Doc. 126, ¶ 1.) Here, Musselwhite misapprehends the purpose of the notice requirement in Rule 1.04(b), which functions to inform presiding judges of the existence of potentially related cases. Nothing in the rule suggests that the notice required by 1.04(b) equates to a formal motion to which parties litigating before the proposed transferee judge are entitled to respond. *Cf. United States v. Keane*, 375 F. Supp. 1201, 1205 (N.D. Ill. 1974) (rejecting a defendant's argument that noncompliance with the notice requirement in the local rules' transfer provisions required reassignment). Further, as addressed above, litigants have no right to control the transfer of cases between District Judges, so Musselwhite cannot demonstrate that the lack of notice prejudiced her.

More pointedly, Musselwhite's forum shopping argument is factually groundless. The Government's transfer motion indicated no preference as to a presiding judge, *see Coton*, Doc. 28, and the Government represents that it—like Musselwhite—fully expected Coton's case to be transferred to Judge Honeywell for consideration alongside of those cases already before her, not vice versa (*see* Doc. 149, ¶ 8). On these facts, Musselwhite has failed to logically articulate how the Government's motion or its unrequested results can be said to indicate forum shopping.

In sum, Musselwhite's allegations that the Government engaged in *ex parte* forum shopping in violation of the Local Rules and her due process and equal protection rights are factually baseless and contrary to established law. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Indictment Based on *Ex Parte* Forum Shopping and, Alternatively, to Rescind Order Transferring Case (Doc. 126) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 27, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record